**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

THOMAS AARON,
<u>Plaintiff-Appellant,</u>

v.                                                            No. 96-1815

EMC CORPORATION,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CA-95-1369-A)

Argued: May 5, 1997

Decided: June 23, 1997

Before WILKINSON, Chief Judge, and RUSSELL and
WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

ARGUED: David Payne Sutton, Sr., Baltimore, Maryland, for Appel-
lant. Michele A. Whitham, FOLEY, HOAG & ELIOT, L.L.P., Bos-
ton, Massachusetts, for Appellee. **ON BRIEF:** Arthur G. Telegen,
Amy B.G. Katz, FOLEY, HOAG & ELIOT, L.L.P., Boston, Massa-
chusetts; Robert R. Vieth, MCGUIRE, WOODS, BATTLE &
BOOTH, L.L.P., McLean, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Thomas Aaron appeals the district court's grant of summary judgment in favor of his former employer, EMC Corp. Aaron had sued EMC, claiming that EMC's refusal to allow him to exercise certain stock options, offered as an incentive to its employees, was a breach of contract.

We review a grant of summary judgment <u>de novo</u> .**1** A district court should grant summary judgment only when there are no genuine issues of material fact in dispute, and the movant is entitled to judgment as a matter of law.**2**

When Aaron was hired in 1991, he was granted incentive stock options of 5,000 shares of EMC stock. Those options gave Aaron the right to purchase 1,000 shares per year, once a year, for five successive years, starting in January 1992. In June 1993, EMC decided to terminate Aaron. It asked him to remain with the company until his replacement could be hired and trained. Aaron stayed with the company until October 29, 1993. Aaron claimed the right to exercise the 1,000 options that vested in January 1994. He argues on appeal, as he did below, that language in EMC's Stock Option Plan permitted him to exercise his incentive stock options for up to three months following his termination.

The document granting Aaron incentive stock options stated that they were subject to the provisions of EMC's 1985 Stock Option Plan (the Plan). The Plan included the following provision regarding an employee's termination:

_____

**1** **<u>Mitchell v. Rice</u>**, 954 F.2d 187, 190 (4th Cir. 1992).

**2** **<u>Anderson v. Liberty Lobby, Inc.</u>** , 477 U.S. 242, 247 (1986).

2

Termination of Employment. If the employment of a Participant terminates for any reason other than his death, <u>all options held by the Participant shall thereupon expire on the date of the termination</u> unless the option by its terms, or the Committee by resolution, shall allow the Participant to exercise any or all of the options held by him after termination. In the case of an Incentive Stock Option, the Incentive Stock Option shall in any event expire at the end of three months after such termination of employment. . . .

(emphasis added).

Aaron contended that he had an unfettered right to exercise his incentive options within three months of his termination. However, the district court found no ambiguity in the Plan, and that the plain language of the agreement indicated that upon termination of employment, the option expired, unless the option itself or the Committee extended it. Because the district court found there was no evidence in the record suggesting that the option or the Committee extended Aaron's option beyond the date of his termination, it granted EMC's motion for summary judgment.

Furthermore, the Plan included a provision that vested full authority in the Committee to interpret the terms and conditions of the Plan. Evidence presented by EMC included an affidavit of Brian O'Connell, Vice-President of Human Resources for EMC. O'Connell stated that "EMC consistently interprets [the Termination of Employment provision of the Plan] to require the expiration of all outstanding stock options of a terminated employee at 12:00 midnight on the date of his or her termination of employment from EMC." Aaron failed to present any evidence suggesting that EMC had ever interpreted the plan differently.

Having carefully reviewed the record, briefs and the contentions of the parties at oral argument, we find no error in the decision of the court below. Accordingly, the judgment below is affirmed.

AFFIRMED